IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JAMES H. PARKER, | CV 23-56-GF-BMM |
| Plaintiff, | |
| vs. | ORDER |
| GREAT FALLS POLICE DEPARTMENT, CASCADE COUNTY SHERIFF'S OFFICE, STATE OF MONTANA, | |
| Defendants. | |

Plaintiff James H. Parker ("Parker"), a state prisoner proceeding without counsel, filed a proposed civil rights complaint pursuant to 42 U.S.C. § 1983 on September 19, 2023. (Doc. 2.) Parker's filing is difficult to follow, and it is unclear exactly what claims he attempts to advance. It appears Parker may be alleging an injury to his ankle and/or a lack of medical care which occurred during his incarceration in Cascade County in either 2020 or 2021. (*Id*. at 5–7.)

I.  STATEMENT OF THE CASE

   A.  Parties

Parker does not name any individual actors as Defendants, but instead names the Great Falls Police Department, the Cascade County Sheriff's Office, and the State of Montana. (*Id*. at 2–3.)

1

### B. Allegations

Parker states that he was arrested by the Great Falls Police Department at 1713 Valeria Way and placed in the "booking" section of the Cascade County Detention Center. (*Id*. at 4.) Parker believes these events occurred in the summer of either 2020 or 2021. (*Id*. at 5.) Apparently, Parker had a cast on his right ankle at the time of his arrest and incarceration, and somehow one of the pins in his ankle was bent, resulting in further injury. (*Id*. at 5–6.) Parker was subsequently seen by medical staff at Benefis Hospital. (*Id*. at 7.) Parker asks this Court to give him "due process" and whatever additional relief the Court sees fit. (*Id*. at 5.)

## II. INITIAL SCREENING

Parker is proceeding pro se against a governmental defendant. Accordingly, the Court must screen the Complaint before it is served to determine if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is malicious if not pleaded in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *See Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) (internal brackets omitted). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to satisfy the requirements in Rule 8, a complaint's allegations must cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

A two-step procedure determines whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. at 679. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— that the pleader is entitled to relief." *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

## III. ANALYSIS

Parker's current filing violates Rule 8 of the Federal Rules of Civil Procedure, as it fails to bring specific claims and factual allegations against each specific defendant. These deficiencies might be cured by a clearer statement of the claims, facts to support those claims, and a clearer statement of defendants' actions. Parker will be given an opportunity to file an amended complaint, but he must meet the following legal standards.

### A. Excessive Force Claim

Although Parker references no federal constitutional provisions or law, it appears he may be attempting to raise a claim under the Fourth Amendment of the

4

United States Constitution. Though the Court is not certain, it seems that Parker may believe an unidentified individual used excessive force during his arrest and transport to the detention center that resulted in injury to his ankle.

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest. The Fourth Amendment's "objective reasonableness" standard "governs a free citizen's claim that law enforcement officials used excessive force," in any search or seizure. *See Graham v. Connor*, 490 U.S. 386, 388 (1989).

For an excessive use of force claim, a plaintiff must plausibly plead that the officer(s) used force that was unreasonable in light of the totality of the circumstances, including "(1) how severe the crime at issue is, (2) whether the [plaintiff] posed an immediate threat to the safety of the officers or others, and (3) whether the [plaintiff] was actively resisting arrest or attempting to evade arrest by flight." *Mattos v. Agarano*, 661 F. 3d 433, 441 (9th Cir. 2011) (en banc) (citing *Deorle v. Rutherford*, 272 F. 3d 1272, 1279-80 (9th Cir. 2001)). If Parker is intending to advance a Fourth Amendment claim, he should provide additional details surrounding the date, time, and nature of his interaction with Great Falls Police Officers and/or Cascade County Sheriff's Deputies to support a Fourth Amendment claim.

## B. Denial of Medical Care

Parker refers to medical care, but it is unclear if his is alleging such care was unlawfully denied or delayed during his incarceration. Further, it is unclear whether Parker was a pretrial detainee or a convicted prisoner during the relevant time period.

Medical claims for pretrial detainees under 42 U.S.C. § 1983 are considered under the Fourteenth Amendment's Due Process Clause, while claims for convicted prisoners are considered under the Eighth Amendment's guarantee against cruel and unusual punishment. *Sandoval v. County of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021). "The Fourteenth Amendment is more protective than the Eighth Amendment 'because the Fourteenth Amendment prohibits *all* punishment of *pretrial detainees*, while the Eighth Amendment only prevents the imposition of *cruel and unusual* punishment of *convicted prisoners*." *Vazquez v. County of Kern*, 949 F. 3d 1153, 1163-64 (9th Cir. 2020) (quoting *Demery v. Arpaio*, 378 F.3d 1020, 1029 (9th Cir. 2004)).

Pursuant to the Fourteenth Amendment, prison officials have a duty to provide pretrial detainees with adequate medical care. *See Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). To state a plausible claim under the Fourteenth Amendment, a pretrial detainee must allege facts showing that:

> (1) [t]he defendant made an intentional decision [regarding the denial of needed medical care]; (2) [the denial of needed medical care] put the plaintiff at substantial risk of suffering serious harm; (3) [t]he defendant

> did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) [b]y not taking such measures, the defendant caused the plaintiff's injuries.

*Sandoval*, 985 F.3d at 669. To satisfy the third element, the plaintiff must show that the defendant's actions were "objectively unreasonable," which requires a showing of "more than negligence but less than subjective intent—something akin to reckless disregard." *Id*. (quoting *Gordon*, 888 F.3d at 1125). "The mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Gordon*, 888 F.3d at 1125 (citations omitted).

The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids prison officials from "the unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To prove a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a plaintiff must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, to prevail, Parker must show both that his medical needs were objectively serious, and that a defendant possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 299 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. . . ." *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992), *overruled on other grounds by WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

Once there is a showing of a serious medical need, a plaintiff must show that a defendant was deliberately indifferent to that need. In *Farmer v. Brennan*, the U.S. Supreme Court established a demanding standard for deliberate indifference; negligence is insufficient. 511 U.S. 825, 835 (1994). Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal citation omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted).

At this juncture, Parker has not alleged sufficient facts that would tend to support a viable claim under the Fourteenth or Eighth Amendment. That is, his complaint contains no "factual content that allows the court to draw the reasonable inference," that certain defendants violated his Fourteenth or Eighth Amendment rights. *Iqbal*, 556 U.S. at 678. Parker fails to explain who at Cascade County Detention Center was aware of the nature of his medical needs and who denied his requests for treatment. Further, Parker fails to explain what injuries he suffered as a result of the individual's purported denial of care. If Parker truthfully can assert additional facts regarding these claims, he may attempt to do so in an amended complaint.

C. **Defendants**

Under 42 U.S.C. § 1983, a plaintiff may sue an individual person or a municipal entity, such as a county or a city. Parker indicates he intends to sue the Great Falls Police Department, the Cascade County Sheriff's Office, and the State of Montana.

As a preliminary matter, Parker is advised that the Eleventh Amendment bars suit in federal court against a state and/or a state agency absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf &*

*Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq. Hence, any tort claim against the State of Montana or any agency of the State cannot be brought in federal court and will be dismissed in a subsequent order.

To sue an individual, Parker must explicitly link a federal law, such as the Fourth Amendment, with specific acts by specific defendants whom he believes violated that law. Section 1983 imposes individual liability upon state actors only when their personal conduct violates a plaintiff's constitutional rights. *Monell v. Department of Social Services*, 436 U.S. 658, 691-94 (1978). An individual can be held liable for their own personal acts which directly cause an injury. In order to make such a claim, a plaintiff must make specific factual allegations regarding what each defendant did or did not do.

Parker also names the Great Falls Police Department and the Cascade County Sheriff's Office in his complaint. A local government unit or municipality can be sued as a "person" under § 1983. *Monell*, 436 U.S. at 691. A municipality cannot be held liable under § 1983, however, solely because it employs a tortfeasor. *Id*. A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his injury, and must demonstrate that the municipality, through its deliberate conduct, was the "moving force" behind the injury alleged. *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403–04 (1997)

(citation omitted). Put another way, Parker must allege that (1) he was deprived of a constitutional right, (2) the Department/County had a policy, custom or practice which amounted to deliberate indifference to that constitutional right; and (3) the policy, custom, or practice was the moving force behind the constitutional violation. *Monell*, 436 U.S. at 694. Municipal liability may be shown "when an employee is acting pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policy maker." *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (citing *Monell*, 436 U.S. at 694).

In the body of his Complaint, Parker has not identified a custom or policy which allegedly caused a deprivation of his constitutional rights. There are no allegations in the Complaint regarding the circumstances surrounding the use of force or denial of medical care which plausibly allege that there was a policy that caused the constitutional violation.

To cure the pleading defects, Parker must set forth facts which, if true, plausibly allege that the acts or omissions of defendants were sufficiently harmful to evidence objectively unreasonable and/or deliberate indifference to serious medical needs. In short, Parker has not adequately pleaded a Fourth Amendment claim or a denial of medical care claim under either the Eighth or Fourteenth Amendment.

## IV. CONCLUSION

Sections 1915 and 1915A of Title 28 of the United States Code require the dismissal of a complaint that fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

Parker's current Complaint fails to state a claim upon which relief may be granted and is subject to dismissal. It may be possible to cure the defects with Parker's claims. Accordingly, Parker will be given an opportunity to file one amended complaint to clarify his factual allegations and the specific defendants involved, to provide more specific allegations regarding his claims, and to provide specific factual allegations against each named defendant.

### A. Amended Complaint

Any amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by

reference. Once Parker files an amended complaint, it replaces the original complaint, and the original complaint no longer serves a function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If Parker fails to use the court-approved form, the Court may strike the amended complaint and recommend the dismissal of this action. Parker may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Any amended complaint must consist of short, plain statements telling the Court: (1) the rights Parker believes were violated; (2) the name of the defendant(s) who violated the rights; (3) exactly what <u>each</u> defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Parker's rights; (5) when the alleged actions took place; and (6) what injury Parker suffered because of that defendant's conduct. *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Parker must repeat this process for each defendant. Conclusory statements are not enough, nor are declarations that all defendants violated some law or statute. Instead, Parker must provide specific factual allegations for each element of each of his claims and must state with specificity to which defendants each of his claims apply. If Parker fails to affirmatively link the conduct of a defendant with an injury

13

suffered, the claim against that defendant will be dismissed for failure to state a claim.

### B. Possible Dismissal

If Parker fails to timely comply with every provision of this Order, this action may be dismissed. *Ferdik*, 963 F.2d at 1260–61 (court may dismiss an action for failure to comply with any order of the court).

### C. Address Change

At all times during the pendency of this action, Parker must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Based upon the foregoing, the Court issues the following:

### ORDER

1. Within **60 days** of this Order, Parker may file an amended complaint on the form to be provided by the Clerk of Court's Office.

2. The Clerk of Court shall provide Parker a form for filing an amended complaint.

3. <u>Parker must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address" under the appropriate cause number. Failure to do so may result in dismissal of his petition without notice to him.

14

DATED this 20th day of November, 2023.

_____
Brian Morris, Chief District Judge
United States District Court