# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| JAMES H. PARKER,<br><br>Plaintiff,<br><br>vs.<br><br>GREAT FALLS POLICE DEPARTMENT, CASCADE COUNTY SHERIFF'S OFFICE, STATE OF MONTANA,<br><br>Defendants. | Cause No. CV 23-56-GF-BMM<br><br>ORDER |

Plaintiff James H. Parker ("Parker"), a state prisoner proceeding without counsel, filed a proposed civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 2.) The Court issued an order advising Parker of the deficiencies in his complaint on November 21, 2023, and provided him an opportunity to file an amended complaint. (Doc. 9.) Parker was informed that absent amendment, this matter was subject to dismissal. The Court gave Parker 60 days within which to respond. (*Id.* at 14–15.)

Parker did not timely file his amended complaint, but instead sought an additional extension of time, which was granted. (Docs. 12 and 13.) Parker was provided another 60 days to prepare and file his amended complaint. (Doc. 13.) Parker was informed that his failure to comply with the Court's order would result in dismissal. (*Id.* at 4.) Parker has failed to file an amended complaint.

1

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action or fails to comply with other Rules of the Court. *See also Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citation omitted). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with the local rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint). The Court may dismiss a case on its own without awaiting a motion. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

In determining whether a petitioner's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Parker has failed to comply with this Court's order directing him to file an amended complaint, despite being provided two 60-day extensions of time. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002). The Court cannot manage its docket if Parker refuses to comply with the Court's orders. Parker's case has consumed judicial resources and time that could have been better spent on other matters. This factor, therefore, also favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Respondents. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted, although it does not weigh strongly against Parker in the present case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal

should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id*. Parker was afforded an adequate amount of time in which to prepare and file his amended complaint. He failed, however, to comply with the Court's orders. Further, Parker was advised that his failure to comply would result in dismissal of the matter. (*See e.g.,* Doc. 13 at 4.) Such a warning satisfies the consideration of alternatives requirement. *See Ferdik*, 963 F.2d at 1262. Parker had adequate warning that dismissal would result from his noncompliance. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the weight of this factor is slight. No further resources of the Court will be expended. This matter will be dismissed based upon Parker's failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Accordingly, the Court enters the following:

## ORDER

1. This matter is dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

DATED this 20th day of March, 2024.

_____
Brian Morris, Chief District Judge
United States District Court