IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JAMES H. PARKER,<br><br>    Plaintiff,<br><br>v.<br><br>CASCADE COUNTY CORRECTIONAL OFFICER GIBBS, SERGEANT MELISSA POTTRATZ, LIEUTENANT ZACH SEMENZA,<br><br>    Defendants. | Cause No. CV 23-56-GF-BMM<br><br>ORDER |

  Plaintiff James H. Parker ("Parker"), a pro se plaintiff, is proceeding on a civil rights complaint pursuant to 42 U.S.C. § 1983. On October 28, 2025, Parker's request to amend his complaint was denied without prejudice. *See*, (Doc. 38.) The Court informed Parker that any request for amendment must follow the procedures outlined by the Local Rules, including the filing of a proposed amended complaint. (*Id.* at 2.)

  The Court further directed Parker to show cause as to why the Defendants' motion for summary judgment should not be granted based upon his failure to

1

respond. (*Id*. at 2-3.) Parker was given 21 days to respond to the show cause order. (*Id*. at 3.) To date, Parker has not filed a second amended complaint, and he has not responded to the Court's show cause order or filed a response to the pending motion for summary judgment.

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action or fails to comply with other Rules of the Court. *See also Applied Underwriters v. Lichtenegger*, 913 F. 3d 884, 889 (9th Cir. 2019)(citation omitted). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with the local rules. *See Ferdik v. Bonzelet*, 963 F. 2d 1258, 1260-61 (9th Cir. 1992)(dismissal for failure to comply with a court order to amend a complaint). A court may dismiss a case on its own without awaiting a motion. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether a petitioner's failure to prosecute warrants dismissal of the case, a court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d

1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Parker has failed to file a second amended complaint, and he has failed to respond to the Court's show cause order, despite being provided additional time to do so. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Parker refuses to comply with the Court's orders. Parker's case has consumed judicial resources and time that could have been better spent on other matters. This factor, therefore, also favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Respondents. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted.

3

Moreover, Defendants and defense counsel have spent considerable time and resources preparing their motion for summary judgment and accompanying documents. *See e.g.*, (Docs. 33, 34, and 35.)

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id.* Parker was afforded an adequate amount of time in which to respond to the show cause order and prepare and file a second amended complaint. Further, Parker has been advised that failure to comply with the Court's orders may result in dismissal of this action. Such a warning satisfies the considerations of the alternative requirement. *See Ferdik*, 963 F. 2d at 1262. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). The weight of this factor is slight, in light of the other four factors favoring dismissal. No further resources of the Court will be expended. This matter will be dismissed based upon Parker's failure to prosecute pursuant to Fed. F. Civ. P. 41(b). Accordingly, the Court enters the following:

**ORDER**

1. This matter is dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). All pending motions shall be terminated.

2. The Clerk of Court is directed to close this matter and enter judgment in favor of Respondents pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

DATED this 24th day of November, 2025.

_____

Brian Morris, Chief District Judge
United States District Court